# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DOROTHY F. GARDNER *et al.*,** | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-15-2874 |
| **UNITED STATES OF AMERICA,** | * | |
| Defendant | * | |

## MEMORANDUM

### *I. Background*

This case alleges wrongful death caused by various members of the staff of the Federal Correctional Institution at Cumberland, Maryland ("FCI Cumberland"), following the death of inmate Stephen P. Gardner ("Gardner" or the "Decedent") there after sudden cardiac arrest on July 17, 2013. (Compl., ECF No. 1.) The Plaintiffs, Dorothy F. Gardner, Christopher Gardner, and Brendan Gardner, who are respectively the widow and sons of the Decedent, sued medical and correctional personnel at FCI Cumberland, claiming a right to relief under the authority of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged deliberate indifference in violation of the Eighth Amendment, as well as under the Federal Tort Claims Act for negligence and gross negligence. (*Id.* ¶ 1.)

Previously, the Court granted summary judgment for all of the individual Defendants sued under *Bivens*, which left only Count II, the tort claim against the United States of America (the "Government"), in the case. (Mem. Op. May 4, 2016, Order, May 4, 2016, ECF Nos. 49, 50.) The complaint alleges the Government breached its duty of care to Gardner, despite its

knowledge of his extensive medical history, by failing to indicate in his medical records that he needed special accommodations specifically tied to his cardiac history (Compl., ¶¶ 40, 45, 51); by failing to indicate in his medical records that Gardner required a cardiac consultation or cardiac testing such as a stress test[1] (*id.* ¶¶ 41, 47, 52); by assigning him to a prison job as a janitor/groundskeeper without a prior cardiology consultation or cardiac testing[2] (*id.* ¶¶ 53, 57); by requiring him to work outdoors in temperatures greater than ninety degrees and in high humidity, which presented significant and obvious risk to Gardner of medical complications, given his medical conditions of coronary artery disease ("CAD"), hypertension, and high cholesterol, his medication regimen, and his mobility difficulties related to arthritis (*id.* ¶¶ 60-62); by failing to properly care for, treat, and manage Gardner's medical conditions (*id.* ¶ 88); and by failing to ensure that he worked in safe conditions that would not be harmful to his health and safety (*id.* ¶ 89).

Plaintiffs thus allege that Gardner's heart attack and death were a direct result of his working outside in extreme heat and humidity. (*Id.* ¶ 80.) Stated slightly differently, Plaintiffs allege that the Government failed to accommodate "Gardner's serious medical needs and thereby required and/or allowed him to work in extreme and strenuous conditions, directly leading to Mr. Gardner's death." (*Id.* ¶ 85; *see also* ¶¶ 90-91.)

Now pending before the Court is the Government's motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, for summary judgment. (ECF No. 67.) The Court has considered it, Plaintiffs' opposition (ECF No. 70), and the Government's reply (ECF

---

[1] Plaintiffs say in their opposition that they "do not proceed on any malpractice claim related to the lack of cardiac stress testing or cardiology consultation after Mr. Gardner's arrival at Cumberland." (Pls.' Opp'n 31 n.23, ECF No. 70.)

[2] *See* note 1, *supra*.

2

No. 72). No hearing is necessary. Local Rule 105.6 (D. Md. 2016). The motion to dismiss for lack of subject-matter jurisdiction will be granted.

## II. *Standard for Dismissal under Rule 12(b)(1)*

The burden of proving subject-matter jurisdiction is on the plaintiff. A challenge to jurisdiction may be either facial, *i.e.*, the complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of the complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir. 1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. *Analysis*

Plaintiffs' allegations in their complaint are consistent with their theory of the case as presented in their opposition to the Government's motion. They place the blame for Gardner's death on the Government's assignment of him to his prison work job performing outside maintenance on days with high temperatures despite his medical history of CAD, hypertension, arthritis, etc. Plaintiffs' theory of proximate cause fits squarely within the exclusive remedy provided by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4) (2017), which authorizes the Government to pay "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." The IACA also states that payments shall be made "under rules and regulations promulgated by the Attorney General." *Id.*

3

In the Code of Federal Regulations, the Attorney General has amplified the description of coverage under IACA. The regulations "govern the payment of accident compensation, necessitated as the result of work-related injuries, to federal prison inmates or their dependents" and permit the award of compensation "for physical impairment or death resultant from injuries sustained while performing . . . institutional work assignments involving the operation or maintenance of a federal correctional facility." 28 C.F.R. § 301.101 (2017). Further, the regulations define "work-related injury" as including "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). A dependent of a deceased inmate may submit a claim for compensation as a result of work-related death up to one year after the inmate's work-related death. 28 C.F.R. § 301.302.

Whether or not a claim is made under IACA, "[i]nmates who are subject to the provisions of these [IACA] regulations are barred from recovery under the Federal Tort Claims Act," and IACA provides the exclusive remedy in the event of work-related injury to inmates. 28 C.F.R. § 301.319. *See also United States v. Demko*, 385 U.S. 149, 152-53 (1966) ("Until Congress decides differently we accept the prison compensation law as an adequate substitute for a system of recovery by common-law torts."); *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663-64 (9th Cir. 2001) (IACA exclusive remedy for work-related injuries to inmates); *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (same); *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. Unit B 1980) (same); *Granade v. United States*, 356 F.2d 837, 844 (2d Cir. 1966) (same; cited with approval in *Demko*); *Singleton v. Brown*, No. 1:12-CV-02985-RBH, 2014 WL 107987, at *6 (D.S.C. Jan. 9, 2014) (same); *Dabney v. Bledsoe*, No. Civ. A. 1:03CV193, 2006 WL 1376903, at *3 (N.D. W.Va. May 17, 2006) (same). *See also Nunes v. United States*,

No. 3:14CV109/MCR/EMT, 2014 WL 6801826, at *3 (N.D. Fla. Dec. 2, 2014) (prisoner's FTCA damage claim based on prison work assignment that he was medically unable to perform and resulting injuries, some manifesting weeks and months later, barred by exclusive remedy of IACA). The exclusiveness of the remedy applies to an injury stemming from a negligent job assignment or the work-related aggravation of a pre-existing medical problem. *Wooten*, 825 F.2d at 1044-45 (citing *Jewell v. United States*, 274 F. Supp. 381 (N.D. Ga. 1967), and *Aston*, 625 F.2d 1210)).

Thus, Plaintiffs' contention that the Government was negligent in assigning Gardner's prison job, despite his pre-existing medical conditions, and in requiring him to carry out its duties, thereby resulting in his heart attack and death, is barred as a cause of action. The Court is without subject-matter jurisdiction to entertain it. *Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974). Plaintiffs argue that IACA does not apply to their case because Gardner did not die while on a work assignment; rather, he died later in the day while he was in his cell. (Pls.' Opp'n 22-24.) Yet, they contrarily argue that his death was directly due to the conditions of his work assignment. (*Id.* 20 (citing the opinion of Plaintiffs' expert, Dr. Glassberg).) The regulations are clear that if an inmate's death is proximately caused by actual performance of a prison work assignment, then it is covered by IACA. 28 C.F.R. § 301.102(a). Nowhere in the regulations is the concept of proximate cause tied to any necessity to be "on the job" at the time of death. Either Plaintiffs attribute Gardner's death to the conditions of his work assignment or they do not. They have plainly chosen the former route, and, consequently, they are foreclosed from suit under the FTCA.

To be sure, the Government contests the Plaintiffs' argument that Gardner's death was due to his work activity since his death occurred within approximately one hour of his strenuous

5

exercise in the prison gym, and, the Government contends, the exercise was directly responsible for his heart attack and death; further, it says, his job assignment was consistent with his medical condition. (Def.'s Mot. Supp. Mem. 21.) However, for the Court's purpose of deciding whether it has subject-matter jurisdiction, it must take Plaintiffs' theory of the case as they present it. And they are adamant in blaming Gardner's death on the high heat he experienced while working outside in his prison job. As a result, IACA is their exclusive remedy.

The same conclusion obtains under the "discretionary function" exception to the Federal Tort Claims Act ("FTCA"), "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The burden is upon Plaintiffs to show an unequivocal waiver of sovereign immunity and the inapplicability of the discretionary function exception to their case. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Unless Plaintiffs meet that burden, their case must be dismissed for lack of subject-matter jurisdiction. *Id.*

After considering the parties' motion papers and the supporting authorities, the Court concludes that, for the reasons stated in the Government's motion papers, the assignment by prison personnel of Gardner to his outside maintenance job constituted an exercise of discretion by the Government within its purview of operating the federal prisons. Thus, Plaintiffs' argument that, before assigning a job to Gardner, prison personnel should have undertaken "a more searching inquiry" of Gardner's medical records, which did not indicate a restriction on his working outside in the heat (Pls.' Opp'n 26 n.19), is of no merit because that argument rests upon an alleged abuse of discretion. Similarly, Plaintiffs' contention that FCI Cumberland should have curtailed all work activities outside on hot days is premised upon that institution's practice of restricting outside organized recreational activities in the heat and did not apply to work activities; again, their argument implicates an abuse-of-discretion standard and is not

cognizable under the FTCA. *See United States v. Gaubert*, 499 U.S. 315, 322-23 (1991) (discretionary act or omission involves "an element of judgment or choice" and is "based on considerations of public policy" (internal quotation marks and citations omitted)); *Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017) (discretionary function exception applicable to governmental decision within scope of regulatory policy "even when made negligently"). "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324-25. Plaintiffs have not shown that the Government's actions in assigning Gardner to his prison job or requiring him to perform his work assignment outside in high heat "are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime [of the Bureau of Prisons]."

## IV. Conclusion

Plaintiffs have advanced no theory other than their argument that Gardner's death was a direct result of the heat and humidity he experienced in his prison job. Their suit under the FTCA is foreclosed by the exclusive remedy provided in the Inmate Accident Compensation Act. Alternatively, their suit is barred by the FTCA's discretionary function exception. By separate order, this case will be dismissed for lack of subject-matter jurisdiction.

DATED this 16th day of August, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge